Magistrate Judge S. Kate Vaughan

1

2

3

4

5

6

7  UNITED STATES DISTRICT COURT FOR THE
   WESTERN DISTRICT OF WASHINGTON
8  AT SEATTLE

9

| | |
|---|---|
| 10  UNITED STATES OF AMERICA, | CASE NO.   MJ25-753 |
| 11           Plaintiff | |
| 12 | COMPLAINT for VIOLATION |
| 13           v. | |
| 14  OSCAR HERNANDEZ-TALAVERA, a.k.a. | Title 8, U.S.C., § 1326(a) |
| 15  MIGUEL SANABRIA CEJA | |
| 16           Defendant. | |

17

18      BEFORE S. Kate Vaughan, United States Magistrate Judge, U. S. Courthouse,

19  Seattle, Washington.

20      The undersigned complainant being duly sworn states:

21                          **COUNT ONE**

22                      **Reentry of Removed Alien**

23      On or about January 19, 2023, at King County, within the Western District of

24  Washington, OSCAR HERNANDEZ-TALAVERA, an alien, a native and citizen of

25  Mexico, was found in the United States after having been removed therefrom, and after

26  knowingly and voluntarily reentering the United States without having obtained the

27

Complaint - 1
*United States v. Hernandez-Talavera*

1  express consent of the Attorney General and the Secretary of the Department of

2  Homeland Security to reapply for admission to the United States.

3      All in violation of Title 8, United States Code, § 1326(a).

4      And the complainant states that this Complaint is based on the following

5  information:

6      I, Immigration and Customs Enforcement Deportation Officer Robert Chin, being

7  first duly sworn on oath, depose and say:

8                        **INTRODUCTION**

9      1.      I am a Deportation Officer (DO) with U.S. Immigration and Customs

10 Enforcement (ICE), Enforcement and Removal Operations (ERO), Department of

11 Homeland Security (DHS), and have been so employed since August 2020. Prior to this, I

12 was an Immigration Services Officer with U.S. Citizenship and Immigration Services

13 (USCIS) from November 2017 to August 2020.

14     2.      I graduated from the Basic Immigration Enforcement Training Program

15 with ICE ERO at the Federal Law Enforcement Training Center (FLETC) in Glynco,

16 Georgia in March 2021. I also graduated from the Immigration Services Officer Basic

17 Training Program with USCIS at FLETC in Charleston, South Carolina in June 2018. I

18 have received training in enforcing Titles 8 and 18 of the United States Code, as well as

19 the Immigration and Nationality Act (INA) of the United States. I am trained in locating,

20 apprehending, processing, and removing any removable non-United States citizens.

21     3.      Based on my training and experience, I know the following:

22         a.      Every person has a unique set of fingerprints. Unique identification

23 numbers—including, but not limited to, Fingerprint Identification Number System

24 ("FINS") numbers and Federal Bureau of Investigation ("FBI") numbers—can be

25 assigned to a person's fingerprints, thereby distinguishing that person's fingerprints in

26 law enforcement databases from another person's fingerprints. In many cases, DHS and

27

Complaint - 2                                    UNITED STATES ATTORNEY
*United States v. Hernandez-Talavera*                      700 STEWART STREET, SUITE 5220
                                                 SEATTLE, WASHINGTON 98101
                                                 (206) 553-7970

1  other government agencies utilize FINS and FBI numbers to associate unique fingerprint
2  records and information with a specific individual.

3          b.      Moreover, when a person is fingerprinted by DHS agencies, such as
4  ICE, those unique fingerprint identifiers are associated with an individual's unique Alien
5  Registration Number ("A-number") and Alien File ("A-file"). An A-file typically
6  contains official documentation regarding a person's deportation or removal history as
7  well as evidence of their alienage. That A-file is maintained in DHS custody, and
8  documents and information from that A-file are uploaded to official DHS databases that
9  can be accessed to determine, among other things, whether a person has been removed or
10  deported from the United States, whether that person is a foreign national, and whether
11  that person has been lawfully admitted into the United States, pursuant to, for example, a
12  nonimmigrant visa.

13          4.      Generally, after an arrest for a criminal offense, a person's biometric
14  fingerprint information is obtained by the arresting law enforcement agency and enrolled
15  into a nationwide repository for criminal history records as part of a normal booking
16  process. That information is then associated with a unique identification number for the
17  person's fingerprints, typically the FBI number, which is searchable within various law
18  enforcement indices and comparable with other government records, including those
19  belonging to DHS and those associated with an A-file and A-number. A match between
20  fingerprint identifiers can therefore be used to confirm the identity of a person associated
21  with specific records, including immigration records indicating whether that person is
22  amenable to immigration enforcement action.

23          5.      The facts set forth in this Complaint are based on my own personal
24  knowledge; knowledge obtained from other individuals during my participation in this
25  investigation, including other law enforcement personnel; review of documents and
26  records related to this investigation; communications with others who have personal
27  knowledge of the events and circumstances described herein; and information gained

Complaint - 3
*United States v. Hernandez-Talavera*

1  through my training and experience. This Affidavit is intended to merely show there is

2  sufficient probable cause for the above charge and does not set forth all my knowledge

3  about this matter.

4      6.      As further detailed below, based on my investigation and the investigation

5  of other law enforcement officers, I submit there is probable cause to believe that

6  Defendant, who was previously removed from the United States, was found in the United

7  States after knowingly and voluntarily reentering the United States without prior

8  authorization to do so.

9  <u>**SUMMARY OF PROBABLE CAUSE**</u>

10     7.      On or about January 19, 2023, the ICE Law Enforcement Support Center

11 ("LESC")—an ICE center responsible for processing biometric and biographic

12 immigration alien queries originating from federal, state, and local law enforcement

13 agencies—received an electronic notification based on biometric fingerprint information

14 that on January 18, 2023, HERNANDEZ-TALAVERA was arrested by the Everett

15 Police Department in Everett, Washington, within the Western District of Washington,

16 for Revised Code of Washington (RCW) 9A.36.041(2) – Assault in the Fourth Degree.

17 At this time, ICE did not take any enforcement action.

18     8.      On or about November 24, 2025, HERNANDEZ-TALAVERA came to the

19 attention of LESC following his arrest on November 23, 2025, by the Snohomish County

20 Sheriff's Office in Everett, Washington. HERNANDEZ-TALAVERA was arrested for

21 Possession of a Stolen Vehicle, Possession of Stolen Property in the Third Degree,

22 Making or Possessing Motor Vehicle Theft Tools, Possession of a Controlled Substance,

23 and Resisting arrest, in violation of RCWs 9A.56.068, 9A.56.170, 9A.56.063,

24 69.50.4013(1)(a), and 9A.76.040(1), respectively. HERNANDEZ-TALAVERA was

25 booked into Snohomish County Jail under the name of "Miguel Sanabria Ceja."

26     9.      On November 24, 2025, I reviewed HERNANDEZ-TALAVERA's

27 immigration record and other records associated with HERNANDEZ-TALAVERA's

Complaint - 4
*United States v. Hernandez-Talavera*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   unique fingerprint identifier. This is the unique fingerprint identifier that matches the

2   fingerprints of the person arrested on January 19, 2023, by the Everett Police Department,

3   and on November 24, 2025, by the Snohomish County Sheriff's Office, as described

4   above. The matching unique fingerprint identifiers for both arrests shows that "Oscar

5   Hernandez-Talavera" and "Miguel Sanabria Ceja" are one and the same individual.

6        10.   Based on my review, I learned the following about HERNANDEZ-

7   TALAVERA's immigration history:

8           a.   HERNANDEZ-TALAVERA is a native and citizen of Mexico.

9           b.   On or about May 27, 2010, ICE encountered HERNANDEZ-

10   TALAVERA after Monroe Police Department released him to ICE custody on an

11   immigration detainer. On August 6, 2010, an immigration judge ordered HERNANDEZ-

12   TALAVERA to be removed to Mexico. On August 7, 2010, ICE physically removed him

13   to Mexico.

14           c.   On or about January 15, 2012, United States Border Patrol detained

15   HERNANDEZ-TALAVERA in the United States at or near Sasabe, Arizona for illegally

16   reentering the United States without prior authorization. On January 16, 2012, his prior

17   order of removal was reinstated. ICE physically removed him to Mexico on January 19,

18   2012.

19        11.   HERNANDEZ-TALAVERA's A-file and other DHS indices contain no

20   record reflecting any application, nor permission from the Secretary of Homeland

21   Security nor the United States Attorney General, to reenter the United States following

22   his January 19, 2012, removal. Based on my training and experience, I know that a record

23   reflecting such application or permission would ordinarily be found in the A-file and/or

24   DHS indices.

25        12.   Based on the foregoing, I have probable cause to believe that

26   HERNANDEZ-TALAVERA was found in the United States, after knowingly and

27   voluntarily reentering the United States without the express consent of the Attorney

Complaint - 5
*United States v. Hernandez-Talavera*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

General or the Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, § 1326(a).

## CONCLUSION

13.    Based on the above facts, I respectfully submit that there is probable cause to believe that the defendant committed the aforementioned offense.

 

 

 
                          Robert Chin, Complainant
Deportation Officer
U.S. Immigration & Customs
Enforcement

The above-named agent provided a sworn statement attesting to the truth of the foregoing Complaint and Affidavit. Based on the Complaint and Affidavit, the Court hereby finds there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

DATED this 26th day of November 2025

                         S. KATE VAUGHAN
United States Magistrate Judge

Complaint - 6
*United States v. Hernandez-Talavera*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970